IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHN K. MORROW, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:21-cv-42-RAH-CWB |
| ) | |
| ALLEN COHEN, WARDEN, ) | |
| FPC MONTGOMERY, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   Introduction**

This case is before the court on a petition for writ of habeas corpus that was filed by John K. Morrow pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Morrow is a federal inmate at the Maxwell Federal Prison Camp and is currently serving a 90-month sentence with a projected release date of November 14, 2025.  (Docs. 2-2 & 2-3).  In his petition, Morrow challenges further confinement due to serious health risks he allegedly faces from COVID-19 exposure, and he specifically asks the court to "release him from incarceration to home confinement as a result of his serious heart condition and elevated BMI."  (Doc. 1 at pp. 5 & 8).

Warden Cohen in response submitted a sworn affidavit from Elizabeth Villarreal in her capacity as Associate Warden for FPC Montgomery.  (Docs. 16 & 16-1).  Villarreal avers that Morrow is ineligible for home confinement, that Morrow has been twice denied release by the COVID committee in the Central Office, and that the Central Office has declared "wardens [to be] the final authority in reviewing an inmate for Home Confinement."  (Doc. 16-1 at pp. 2-3).

Morrow filed a reply to assert that he meets the medical requirements for release and is being denied equal protection under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, § 12003(b)(2) (2020).  (Doc. 18).  The Magistrate Judge concludes that such arguments fail and that the petition is due to be dismissed.

**II.     Discussion**

A writ of habeas corpus is appropriate for asserting challenges to the fact of confinement, *i.e.*, where a prisoner seeks immediate or speedier release.  *Prieser v. Rodriguez*, 411 U.S. 475, 485-86 (1973).  Therefore, "[a] prisoner sentenced by a federal court … may file a petition for a writ of habeas corpus to challenge the execution of his sentence … ."  *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092-93 (11th Cir. 2017) (en banc).  Because the undersigned views Morrow's challenge as going to the execution of his sentence, the petition is properly brought under 28 U.S.C. § 2241.  *See Colon v. Garrett*, No. 7:20-cv-2096-LCB-JHE, 2020 WL 8458831, *2 (N.D. Ala. Sept. 23, 2020).

That the petition is proper for consideration under § 2241, however, does not necessarily mean that relief is available in this instance.  Rather, the Eleventh Circuit has held that prisoners have no constitutionally protected interest in the place of confinement.  *See, e.g., Williams v. Flournoy*, 732 F. App'x 810, 812 (11th Cir. 2018) (discussing *Meachum v. Fano*, 427 U.S. 215 (1976)); *see also McKune v. Lile*, 536 U.S. 24 (2002).  "Prisoners also do not have any constitutional right to be released before the expiration of a valid sentence."  *United States v. Calderon*, 801 F. App'x 730, 732 (11th Cir. 2020) (citing *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)).  Morrow thus has no enforceable constitutional right to home confinement.  *See Colon*, 2020 WL 8458831 at *2.

Nor does anything in the CARES Act entitle Morrow to home confinement. In response to the COVID-19 outbreak, Congress did authorize an expansion of the BOP's home confinement authority as follows:

> During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

Pub. L. 116-136, § 12003(b)(2); *see also Colon*, 2020 WL 8458831 at *2-3. Although the Attorney General subsequently made the necessary findings to invoke that expansion, nothing in the CARES Act bestowed the court with authority to determine whether prisoners should be placed in home confinement. *Colon,* 2020 WL 8458831 at *3 (citing *United States v. Young*, No. 16-210-DG-MU, 2020 WL 4678408, *5 (S.D. Ala. Aug. 12, 2020)). It instead is the BOP that possesses exclusive authority "to designate the place of the prisoner's confinement." *See* 18 U.S.C. § 3621(b); *Colon,* 2020 WL 8458831 at *3; *Young*, 2020 WL 4678408 at * 5; *see also United States v. Alvarez*, No. 19-cr-20343-BLOOM, 2020 WL 2572519, *2 (S.D. Fla. May 21, 2020)); *Brown v. Attorney General*, No. 3:20-cv-661-J-32JBT, 2020 WL 4582732, *2 (M.D. Fla. Aug. 10, 2020).

Because the court does not have authority to grant the requested relief, the undersigned concludes that Morrow's § 2241 petition should be dismissed. *See Touizer v. U.S. Att'y Gen.*, No. 21-10761, 2021 WL 3829618, *2 (11th Cir. Aug. 27, 2021) (holding that the district court properly dismissed § 2241 petition seeking immediate release to home confinement under the CARES Act because the district court did not have authority to grant the requested relief); *Colon*, 2020 WL 8458831 at *2; *Young*, 2020 WL 4678408 at *5.

### III.     Conclusion

For the reasons set out above, the undersigned Magistrate Judge hereby **RECOMMENDS** that Morrow's petition for writ of habeas corpus (Doc. 1) be dismissed with prejudice.

It is **ORDERED** that any objections to this Recommendation must be filed by **February 9, 2024**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). An objecting party also must identify any claim or defense that the Recommendation has not addressed. Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 26th day of January 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**